## EZRA LEADBETTER *vs*. ISAAC BLETHEN.

An officer returned on a writ that he had " attached all the real estate of the within named J. L. (the debtor) to wit, all the right and interest he owns in the grist-mill and stream the said mill stands on in the town of *Wayne*, and his farm with his dwellinghouse and all other buildings thereon in said *Wayne*, in said County." The debtor owned a grist-mill and privilege ; another tract of land of fifty acres on which was a house and barn ; and another tract of three acres, near to but not adjoining the last tract, on which was a dwellinghouse in which he lived, a barn, and other buildings, all within the town of *Wayne*. The jury found that the three acre lot was not a part of the farm.

*It was held*, that the general words in the first clause of the return, were restricted and applied to the grist-mill and right of water only, and that the three acre lot was not attached under that description :—

That what tract of land then constituted his farm, there being no boundaries named, could not be ascertained from the return, and that it must necessarily be submitted to a jury to determine that fact :—

That the statement that his dwellinghouse was on the farm, was a circumstance tending to prove that the land on which the dwellinghouse stood should be regarded as a part of the farm, but was not necessarily conclusive, and might be controlled by other circumstances :—

And that the dwellinghouse in which the debtor lived was not attached, unless it was upon the farm.

WRIT OF ENTRY demanding about three acres of land in *Wayne* village. The land was formerly owned by *Jabez Leadbetter*, and

each party claimed under different levies thereon as his property. Judgments were duly rendered in both suits, and executions were taken out and levied on the premises demanded in each case, in *June*, 1834, within thirty days, after judgment; and the question was, which had the prior legal attachment.

The demandant claimed under *Abishai Wing.* The attachment in his suit was made on *July* 13, 1830. The tenant claimed under *David Betts.* The following is a copy of the return of the attachment of real estate on the writ, *David Betts* v. *Jabez Leadbetter.* "*Kennebec, ss. June* 12, 1829, at 11 o'clock A. M. I have attached all the real estate of the within named *Jabez Leadbetter*, to wit, all the right and interest he owns in the grist-mill and stream the said mill stands on in the town of *Wayne*, and his farm with his dwellinghouse and all other buildings thereon in said *Wayne*, in said county." Then followed the return of an attachment of personal property, and the signature of the deputy sheriff. It was in evidence at the trial before WESTON C. J. that on *June* 12, 1829, *Jabez Leadbetter* lived in a large house on the demanded premises, being a three acre lot conveyed to him *Sept.* 2, 1819; that on *March* 20, 1822, *E. Maxim* conveyed to him a farm containing fifty acres with a house and barn thereon. *Jabez Leadbetter* carried on and improved both lots, putting hay and produce in the barns on each lot; that the fifty acre lot was called " the farm, or the *Maxim* farm;" that for sometime a tenant lived in the house on that lot, but that at the time of the attachment of *Betts*, the house was much out of repair and considered of little value, and no person lived in it, but after the large house was burned in 1833, *Jabez Leadbetter* repaired this, and lived in it himself for two years; that the *Maxim* farm and the three acre lot did not adjoin, but the nearest sides were not more than twenty or thirty rods apart; and that the three acre lot, was commonly called " the lot" or " the home lot," and had thereon not only the dwellinghouse, but a barn and other small buildings. There was much evidence introduced on each side upon the question whether the three acre lot was or was not a part of *Jabez Leadbetter's* farm.

The counsel for the tenant contended, that although in the opinion of others, the three acre lot and the dwellinghouse on it, were not a part of the farm, yet if the officer making the attachment in-

Leadbetter v. Blethen.

tended to embrace them in his return, then they were to be considered as attached ; and that if the whole of the three acre lot was not attached, his dwellinghouse on it was.

The Chief Justice instructed the jury, that what was in fact attached would depend on the language of the return, applied to the subject matter; that if the three acre lot was a part of the farm, it was attached with the buildings thereon ; that if it was not a part of the farm, neither that lot, nor the buildings thereon, were attached ; and that in such case the old house on the farm would satisfy the phrase "his dwellinghouse," in the officer's return, although his actual dwellinghouse at the time was on the three acre lot.

The jury found, that the three acre lot was not a part of his farm, and returned their verdict for the demandant. The verdict was to be set aside, if they were erroneously instructed.

*Wells,* for the defendant, contended, that the three acre lot was attached on *Betts'* writ. The finding of the jury has not settled the meaning of the words made use of by the officer. The common meaning of *his dwellinghouse* is the house in which that person resides or dwells ; and a different expression is used to designate a dwellinghouse belonging to a person who does not occupy it.

His dwellinghouse, the house in which the debtor lived, was attached, whether upon the farm or not. That was attached, and the buildings thereon — on the land where his dwellinghouse was. If the same words were used in a deed, the house in which he lived, with the other buildings, and at least sufficient land for the enjoyment of them would pass.

But the officer attached *all* the real estate of the debtor in the county. *All* means the whole. Out of abundant caution, he specifies particular portions of it, but this does not prevent holding the whole. *Keith* v. *Reynolds,* 3 *Greenl.* 393 ; *Thorndike* v. *Richards,* 13 *Maine R.* 430. The to wit, applies only to the mill and stream.

*May,* for the demandant, agreed that it was for the Court not the jury to determine the meaning of the return. If that covers this land, then we fail, and if it does not, we succeed. The general words are limited and controlled by the particular ones follow-

ing. *Lyman* v. *Clark*, 9 *Mass. R.* 235 ; *Jackson* v. *Stevens*, 16 *Johns. R.* 110 ; *Allen* v. *Allen*, 14 *Maine R.* 387 ; *Whiting* v. *Dewey*, 15 *Pick.* 428; *Tyler* v. *Hammond*, 11 *Pick.* 193 ; *Crosby* v. *Parker*, 4 *Mass. R.* 110 ; *Jackson* v. *Clark*, 7 *Johns. R.* 217.

The three acre lot was not a part of the farm, and therefore was not attached on *Betts'* writ. The mention of the dwelling-house is of no other importance, than as a part of the description of the farm. There was a house on the farm as well as on the lot, and this was a mere immaterial circumstance. But this was a question for the jury to decide upon the evidence, and their verdict is conclusive of this question. *Waterman* v. *Johnson*, 13 *Pick.* 261 ; 8 *Johns. R.* 495 ; 5 *Har. & Johns.* 155.

If the first sentence of the return is not restricted to the property afterwards described, then the latter part is different from the former, and each standing alone would be a sufficient attachment. It would then be impossible to tell which was intended, and both would be void. *Taylor* v. *Mixter*, 11 *Pick.* 341 ; *Whitaker* v. *Sumner*, 9 *Pick.* 308.

The opinion of the Court was drawn up by

SHEPLEY J. — The rights of the parties depend upon the officer's return on the writ, *David Betts* v. *Jabez Leadbetter et al.* Does he in the first clause intend to say, that he has attached all the real estate of *Leadbetter*, in the town of *Wayne*, or only all his real estate in the grist-mill and stream on which it stands ? If he intended to attach all his estate the limitation was unnecessary. It is a rule of construction, that effect is to be given, if possible, to all the language used. This rule would be violated if the limitation were wholly rejected. And effect is given to the words, all his real estate, when they are restrained to all his real estate in the grist-mill and stream. General words in a deed may be restrained by a particular recital, when such recital contains a certain description of what is to be conveyed or performed. *Solly* v. *Forbes*, 2 *Brod. & Bing.* 38. The general words are in the return restrained and applied to the grist-mill and right of water, and these are sufficiently described to create a lien by attachment. That such was the intention in the first clause is also apparent from the sec-

Leadbetter *v.* Blethen.

ond clause, which describes other real estate in the same town. The lot demanded cannot therefore be considered as attached under the first clause, or description of real estate. In the second he attaches his farm with his dwellinghouse and all other buildings thereon. What tract of land then constituted his farm, there being no boundaries named, could not be ascertained from the return itself. It was a fact, which must necessarily be submitted to a jury to determine. Their verdict decides, that the lot demanded was not a part of the farm. It is said, that such a decision must be erroneous, because it does not embrace his dwellinghouse. The statement that his dwellinghouse is on the farm is a circumstance tending to prove, that the land on which it stood, should be regarded as a part of the farm. But it was not necessarily conclusive. Other circumstances might be so controlling as to outweigh it, and require a different conclusion. And in such case, it must be considered as a false or mistaken circumstance in the description and be rejected. *Jackson* v. *Clark*, 7 *Johns. R.* 223. It is contended, that his dwellinghouse must be considered as attached whether upon the farm or not. It is however only the farm, which is attached including his dwellinghouse and all other buildings thereon. There is no dwellinghouse attached as a separate portion of the estate; and if there be no dwellinghouse on the farm there can be no attachment of it.

*Judgment on the verdict.*